IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOHN H. SELBY, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. _____ |
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, | ) CLASS ACTION |
| Defendant. | ) |

## COMPLAINT

Plaintiff, John H. Selby, Jr., by and through counsel, individually and as a putative class representative of a class of individuals, brings this action against Defendant The Northwestern Mutual Life Insurance Company ("NML"), and states as follows:

### PARTIES

1. Plaintiff is a Tennessee resident who purchased a disability insurance policy and Lifetime Benefit Rider from Defendant NML.

2. Defendant NML is a foreign corporation which does not maintain a principal place of business in Tennessee.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 in that the amount in controversy, with respect to the Plaintiff's individual claim, exceeds $75,000.00, exclusive of interest and cost, and the amount in controversy, with respect to the

aggregate of the claims of putative class members, upon information and belief, exceeds $5,000,000.00, exclusive of interest and cost.

4. This Court has personal jurisdiction over Defendant NML pursuant to the Tennessee Long Arm Statute, T.C.A. section 20-2-214, and the Fourteenth Amendment to the United States Constitution. Defendant NML does substantial business in Tennessee and within this District. Defendant NML maintains offices in Tennessee and within this District. Defendant NML has agents who solicit Tennessee residents to attempt to sell Defendant NML's financial and insurance products in Tennessee. Defendant NML's agents regularly offer financial and insurance products for sale to Tennessee residents. Defendant NML, upon information and belief, has sold thousands of its financial and insurance products to Tennessee residents.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(a),(b)(1) and (d).

### FACTUAL ALLEGATIONS RELATED TO THE POLICY AND LIFETIME BENEFIT RIDER PURCHASED BY PLAINTIFF

6. On September 29, 1982, Defendant NML issued a policy of disability insurance to Plaintiff (the "Policy"). On that same date, Defendant issued to Plaintiff a Lifetime Benefit Rider. A true, correct, and authentic copy of the aforementioned Policy and Lifetime Benefit Rider are attached hereto as Exhibit A. Plaintiff is the "Owner" of the Policy and of the Lifetime Benefit Rider. Plaintiff is the "Insured" under the Policy and under the Lifetime Benefit Rider. The aforementioned policy provided, *inter alia*, for the payment of benefits to Plaintiff in the event Plaintiff became totally disabled. The Lifetime Benefit Rider contains the following language:

> "LIFETIME BENEFIT
>
> **1. THE BENEFIT**
>
> The Full Benefit is payable for total disability as long as total disability continues during the lifetime of the Insured:
>
> - if the Insured is totally disabled on the policy anniversary that is nearest his 60th birthday; and
>
> - if that total disability of the Insured continues beyond the first policy anniversary that follows his 65th birthday."

7. After the issuance of the Policy and Lifetime Benefit Rider to Plaintiff, Plaintiff made a claim for total disability benefits under the Policy. Thereafter, Defendant NML determined that Plaintiff was totally disabled.

8. On the policy anniversary date of Plaintiff's Policy that was nearest Plaintiff's 60th birthday, Plaintiff was totally disabled under the terms of the Policy.

9. Defendant NML paid Plaintiff benefits for total disability through the period that ended on the first policy anniversary date of Plaintiff's Policy that followed his 65th birthday.

10. On the date of the first policy anniversary following his 65th birthday, October 1, 2008, and through the present, Plaintiff was, and remains, totally disabled. From October 1, 2008 through the present, Plaintiff was contractually entitled to receive from Defendant NML disability income payments pursuant to the Lifetime Benefit Rider set forth in Paragraph 6 of this Complaint. Defendant NML has not paid Plaintiff any benefits for total disability for the period that began after the first policy anniversary date of the Plaintiff's Policy that followed Plaintiff's 65th birthday. Defendant NML has breached its contract with Plaintiff, which breach has proximately caused, and will continue to cause, monetary damages to Plaintiff.

3

11. Defendant NML did not pay Plaintiff any benefits for total disability for the period that followed the first policy anniversary date of Plaintiff's Policy following Plaintiff's 65th birthday because it interpreted the Lifetime Benefit Rider to mean that it had no obligation to pay total disability benefits to Plaintiff if Plaintiff was gainfully employed in any occupation after the first policy anniversary date of Plaintiff's Policy that followed Plaintiff's 65th birthday.

## CLASS ACTION ALLEGATIONS

12. According to information published by Defendant NML in 2012, it has issued 689,000 policies of disability insurance.

13. Upon information and belief, Defendant NML has issued thousands of Lifetime Benefit Riders and disability insurance policies with language identical to that quoted in paragraph six above and contained in Plaintiff's Lifetime Benefit Rider. Upon information and belief, owners of such disability insurance policies and Lifetime Benefit Riders reside in every, or most, of the states in the United States and in the District of Columbia. Upon information and belief, owners of such disability insurance policies and Lifetime Benefit Riders reside in Territories of the United States and in the Commonwealth of Puerto Rico.

14. Upon information and belief, the putative class in this putative class action numbers in the thousands.

15. The Plaintiff brings this action for himself and for the class of individuals defined as follows:

> All persons and entities to whom Defendant NML ever issued a disability income insurance policy or Lifetime Benefit Rider with

language identical to the language in the Lifetime Benefit Rider issued to Plaintiff and referred to in paragraph six above, and all persons and entities who were ever transferred an ownership interest in any disability income insurance policy or Lifetime Benefit Rider with language identical to the language in the Lifetime Benefit Rider issued to Plaintiff and referred to in paragraph six above, except:

(a) Any owner of a policy or rider under which the insured was not totally disabled as of the policy anniversary nearest the insured's 60th birthday;

(b) Any owner whose policy or rider terminated, without being reinstated, for failure to pay policy premiums, before the policy anniversary nearest the 60th birthday of the insured under the policy; and

(c) Any owner whose policy contains language identical to the language in the Lifetime Benefit Rider issued to Plaintiff and referred to in paragraph six above who did not purchase lifetime benefits.

16. Certification of a class pursuant to Rule 23(a) of the Federal Rules of Civil Procedure is appropriate in this action because:

   a. the putative class is so numerous and geographically diverse that joinder of all members of the class is impracticable;

   b. there are questions of law and fact common to the class, with those being whether the Defendant NML interpreted the contract provision which is the subject of this action such that it has breached its contractual obligations and

5

will continue to breach the same in the future so that this Court should declare the rights of the class with respect to the contract language at issue;

c. the claims of the Plaintiff are typical of the claims of the class;

d. the Plaintiff will fairly and adequately protect the interests of the class; and

e. counsel selected to represent the class will fairly and adequately protect the interest of the class.

17. Class certification is appropriate under Rule 23(b)(1)(A), as the prosecution of these claims by individual policy owners will create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant NML.

18. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate because Defendant NML has acted, by adopting the interpretation of the contractual language at issue as set forth above, in a manner that applies to all class members, which class members include owners of policies with insureds who have not been determined to be totally disabled, but who may be determined to be totally disabled in the future such that declaratory relief is appropriate respecting the class as a whole.

19. At the appropriate time, certification of a sub-class of policyholders entitled to monetary damages pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate because the questions of law and fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## CAUSES OF ACTION
## COUNT ONE-BREACH OF CONTRACT

20. Plaintiff re-alleges and incorporates herein by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph. Defendant is liable to the Plaintiff and to the class members pursuant to the common law of breach of contract. Plaintiff and the class members have been damaged by Defendant's breach of contract.

## COUNT TWO-DECLARATORY JUDGMENT

21. Plaintiff re-alleges and incorporates herein by reference all previous allegations of this Complaint as if the same were fully set forth in this paragraph. An actual controversy exists regarding the interpretation of the contract provision at issue by Defendant NML. Pursuant to 28 U.S.C. §2201, the Plaintiff requests that the Court declare his rights and the rights of other class members under all disability policies and Lifetime Benefit Riders of class members in effect which contain language identical to the Lifetime Benefit Rider issued to Plaintiff.

## RELIEF REQUESTED

The Plaintiff requests that this Court:

1. Certify this action as a Rule 23 class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2. Appoint Pepper & Brothers, PLLC as counsel for the class;

3. Award compensatory damages in an amount to be proven at trial;

4. Declare that Defendant NML may not interpret language in policies and Lifetime Benefit Riders of class members, which are in effect and which contain language identical to the Lifetime Benefit Rider issued to Plaintiff, in a manner that disqualifies class members owning policies where insureds are totally disabled and entitled to payment of full benefits from receiving the full benefits due because the insureds are gainfully employed after the first policy anniversary date following the insureds' 65th birthdays;

5. An award of attorneys' fees and costs as allowed by law;

6. Pre-judgment interest where appropriate; and

7. Such other and further relief and judicial determinations which this Court deems just and appropriate.

Respectfully Submitted,

_____
J. Ross Pepper, BPR #14444
Matthew Brothers, BPR #016000
PEPPER & BROTHERS, PLLC
2323 21st Avenue South, Suite 502
Nashville, Tennessee 37212
(615) 256-4838
rpepper@pepperbrotherslaw.com
mbrothers@pepperbrotherslaw.com

**ATTORNEYS FOR PLAINTIFF**

8