# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **JOHN H. SELBY, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:12-0560 |
| | ) | **CLASS ACTION** |
| **THE NORTHWESTERN MUTUAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | **Chief Judge Todd J. Campbell** |
| | ) | **Magistrate Judge E. Clifton Knowles** |
| Defendant. | ) | |

## CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER

Various documents and information have been and will continue to be produced during discovery in the above-captioned action that are, for competitive and privacy reasons, normally kept confidential by the parties. The parties have agreed to be bound by the terms of this Confidentiality Stipulation and Protective Order ("Order") in this action, and have agreed that third parties producing documents in response to subpoenas likewise will do so in accordance with the terms of this Order.

The materials to be exchanged throughout the course of the litigation between and among the parties to this action, and information and documents provided by third-party witnesses through the service of subpoenas, contains proprietary, medical, financial, private and other forms of confidential information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials ("Materials") as much as practical during the litigation, and to ensure compliance with the provisions of HIPAA and the Gramm Leach Bliley Act.

THEREFORE, the parties stipulate as follows:

## DEFINITIONS

The term "Confidential Information" shall mean and include information contained or disclosed in any Materials, including documents, portions of documents, answers to interrogatories, responses to request for admissions, responses to third party document subpoenas, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived from such materials that is deemed in good faith to be Confidential Information by any party to which it belongs.

1. The term "Materials" shall include, but shall not be limited to: Documents, correspondence, memoranda, bulletins, blueprints, specifications, customer lists or other material that identify customers or potential customers, price lists or schedules or other matter identifying pricing, minutes, telegrams, letters, statements, cancelled checks, contracts, invoices, drafts, books of account, worksheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, photographs, motion pictures, compilations from which information can be obtained and translated into reasonably usable form through detection devices, sketches, drawings, notes (including laboratory notebooks and records), reports, instructions, disclosures, other writings, models and prototypes, other physical objects and other electronically stored information whether stored physically or electronically.

## GENERAL RULES

2. Each party to this litigation or third parties responding to subpoenas served in this action who produces or discloses any materials, answers to interrogatories, responses to request for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate same as "CONFIDENTIAL" or permutations of such designations. Such

testimony, documents, and information can be designated as "CONFIDENTIAL" at the time of the initial testimony or production, or subsequently. Once such testimony, documents, and information have been so designated, the designated material shall be subject to the terms of this Order.

3. Any party or third parties responding to subpoenas served in this action may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party, or constitute a possible violation of an existing law, rule, regulation or contractual provision proscribing or limiting the disclosure of such information to third parties.

4. All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

5. Information designated "CONFIDENTIAL" can be used during the course of taking sworn testimony from witnesses during depositions, court hearings, and trial, or in the course of interviewing potential witnesses, so long as the individual is provided with a copy of this Order and is advised that the Order applies to such individual. Outside the context of such depositions, hearing testimony, interviews, and trial testimony, information designated "CONFIDENTIAL" shall be viewed only by the parties and their employees, all in-house counsel and counsel of record, by consulting or testifying experts retained by the parties, and by the additional individuals listed in subparagraphs (a) and (b) below, provided that each such

3

individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.

      a.    Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

      b.    Stenographic and clerical employees associated with the individuals identified above.

6.    With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

7.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material shall seek permission of the Court to file said material under seal in accordance with prevailing local rules. This Order, however, does not prohibit a party from merely alluding to such materials or referring to the existence of such materials in briefs and other pleadings filed with the Court. The parties will follow and abide by applicable law and local rules with respect to filing documents under seal in this Court.

8.    At any stage of these proceedings, any party or other person with standing to do so may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting

4

party may move the Court for a ruling on the objection. The materials at issue shall be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

9. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, exert reasonable efforts to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

10. The parties are not obligated to challenge the propriety of a designation of Confidential Information at the time such designation is made, and failure to do so does not preclude a subsequent challenge. In the event that any party or person takes issue with any other party's or person's designation of materials as "CONFIDENTIAL," such party or person must so inform all other parties to this lawsuit by providing proper written notice, and all parties have a duty to make good faith efforts to resolve the disputes.

11. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

12. Pursuant to 45 C.F.R. §§ 164.512(1)(e)(i), (1)(e)(ii)(B), and (1)(e)(v), the parties further stipulate that private medical, personal identifying, or financial information exchanged or obtained at any time during this action through formal or informal discovery that is encompassed

or claimed to be encompassed within the protections afforded under HIPAA ("HIPAA Material"), including without limitation information produced by the parties to the action or by third parties responding to subpoenas served in the action, shall be subject to the terms of this confidentiality stipulation. The parties further stipulate that they are prohibited from using or disclosing any such HIPAA Material for any purpose other than for this litigation (unless required by law), and the parties shall either return such HIPAA Material to the covered entity that produced the HIPAA Material, or destroy such HIPAA Material (including all copies) after the conclusion of the litigation.

13. Pursuant to the Gramm Leach Bliley Act, and specifically, the judicial process exemption provisions of 15 U.S.C. § 6802(e)(8), the disclosure of documents and information potentially falling within the scope of 15 U.S.C. § 6802, by parties to this action or persons and entities served with subpoenas in this action, shall take place without the necessity of compliance with the prior notice provisions of 15 U.S.C. § 6802(a) or (b). All such disclosures shall be considered Confidential Information subject to the terms of this Order.

14. This Order may be amended by way of a proposed Consent Order agreed to and signed by the parties and subject to the Court's approval and entry, or, if the parties do not consent, by way of motion filed and served in accordance with the law and local rules or as otherwise directed by the Court.

15. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

IT IS SO ORDERED this _____ day of _____, 2012.

_____
E. Clifton Knowles
United States Magistrate Judge

IT IS SO STIPULATED.

Dated this 11th day of October, 2012.

                Respectfully Submitted,


                s/Robert E. Boston
                Robert E. Boston (TN BPR No. 009744)
                Charles H. Williamson (TN BPR No. 018287)
                WALLER LANSDEN DORTCH & DAVIS, LLP
                Nashville City Center
                511 Union Street, Suite 2700
                Nashville, Tennessee  37219
                Telephone: (615) 244-6380
                Facsimile: (615) 244-6804
                Email: bob.boston@wallerlaw.com
                    charley.williamson@wallerlaw.com

                Paul F. Heaton (WI Bar No. 1000858)
                (Admitted *pro hac vice)*
                HEATON TRIAL LAW, S.C.
                of Counsel,
                GODFREY & KAHN, S.C.
                780 North Water Street
                Milwaukee, Wisconsin  53202
                Telephone: (414) 287-9601
                Facsimile: (414) 274-5198
                Email: pheaton@gklaw.com

                Anthony S. Baish (WI Bar No. 1031577)
                 (Admitted *pro hac vice)*
                Daniel C.W. Narvey (WI Bar No. 1086860)
                 (Admitted *pro hac vice*)
                GODFREY & KAHN, S.C.
                780 North Water Street
                Milwaukee, Wisconsin  53202
                Telephone: (414) 273-3500
                Facsimile: (414) 273-5198
                Email: abaish@gklaw.com
                    dnarvey@gklaw.com


                Attorneys for THE NORTHWESTERN MUTUAL
                LIFE INSURANCE COMPANY

Respectfully Submitted,

s/J. Ross Pepper, Jr.
J. Ross Pepper, Jr. (TN BPR No. 14444)
Matthew Brothers (TN BPR No. 016000)
PEPPER & BROTHERS, PLLC
2323 21st Avenue, South
Suite 502
Nashville, TN 37212
Tel: (615) 256-4838
Fax: (615) 292-9613
Email: rpepper@pepperbrotherslaw.com
mbrothers@pepperbrotherslaw.com

Attorneys for JOHN H. SELBY, JR.

CERTIFICATE OF SERVICE

I certify that on October 11, 2012, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF and served via the Court's Electronic Filing System or by U.S. Mail, upon the following:

>J. Ross Pepper, Esq.
>Matthew Brothers, Esq.
>Pepper & Brothers, PLLC
>2323 21st Avenue South
>Suite 502
>Nashville, Tennessee 37212

s/Robert E. Boston