IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN H. SELBY, JR.            )
                              )
v.                            ) NO. 3-12-0560
                              ) JUDGE CAMPBELL
NORTHWESTERN MUTUAL           )
LIFE INSURANCE CO.            )

MEMORANDUM

Pending before the Court are Defendant's Motion for Summary Judgment (Docket No. 31) and Plaintiff's First Motion for Summary Judgment (Docket No. 33). For the reasons stated herein, Defendant's Motion is GRANTED, and Plaintiff's Motion is DENIED. This action is DISMISSED, and the Clerk is directed to close the file.

FACTS

This case involves Plaintiff's claim for long-term disability payments. Plaintiff alleges that, in 1982, he purchased a policy of disability insurance (the "Policy") and a Lifetime Benefit Rider ("the Rider") from Defendant. The Policy and the Rider provide for the payment of certain benefits to Plaintiff if he becomes totally disabled.

Plaintiff contends that, in 1998, he made a claim for total disability benefits under the Policy, and Defendant determined that Plaintiff met the definition of "total disability." Defendant paid Plaintiff benefits through the period that ended on the first Policy anniversary date after his 65th birthday, which was October 1, 2008. After that date, Defendant refused to pay benefits to Plaintiff. Plaintiff claims that Defendant has breached the contract between the parties.

The Policy specifically states that the definition of "total disability" changes after the "Initial Period," which is defined as the period of time that starts on the Beginning Date of the Policy and

continues, so long as the Insured is disabled, until October 1, 2008. Docket No. 43, p. 5. The "Full Benefit for Total Disability" section of the Policy states:

> During the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation. After the Initial Period, the Insured is totally disabled when he is unable to perform the principal duties of his occupation and is not gainfully employed in any occupation.

Docket No. 43, § 1.2. On his application for this insurance, Plaintiff listed his occupation as "Thoracic and Cardio Vascular Surgeon." Docket No. 43, p. 12.

The Lifetime Benefit Rider states:

> The Full Benefit is payable for total disability as long as total disability continues during the lifetime of the Insured:
>
> If the Insured is totally disabled on the policy anniversary that is nearest his 60th birthday; and
>
> If that total disability of the Insured continues beyond the first policy anniversary that follows his 65th birthday[1].

Docket No. 43, p. 9. Thus, the Rider created a possibility that Plaintiff's total disability benefits could continue after October 1, 2008.

Defendant contends that up until October 1, 2008, Plaintiff was paid total disability benefits because he was unable to perform the principal duties of his own occupation, surgery. Defendant argues that after October 1, 2008, however, pursuant to the definitions in the Policy, "totally disabled" changed to "unable to perform the principal duties of his occupation *and* not gainfully employed in any occupation." Docket No. 43, § 1.2 (emphasis added). Plaintiff does not dispute that he was gainfully employed on October 1, 2008, as the Director of Cardiovascular Intensive Care Unit of Vanderbilt's Heart & Vascular Institute.

---

[1] This date for Plaintiff was October 1, 2008.

STANDARD OF REVIEW

Defendant contends that Plaintiff's disability insurance policy is governed by the Employee Retirement Income Security Act ("ERISA"). Defendant asserts that the choice between ERISA and Colorado law may not have a significant bearing on the Court's resolution of this matter and the fact that ERISA governs Plaintiff's claim ultimately may not be particularly significant. Defendant is wrong. Whether this matter is covered by ERISA makes a significant difference in the Court's approach to this case.

Whether a claim is subject to ERISA determines the standard of review. The Court reviews the decision of the administrator of an ERISA plan under either an "arbitrary and capricious" standard or a *de novo* standard, depending upon the plan. *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609, 613 (6th Cir. 1998). Moreover, in reviewing an administrator's decision in an ERISA case, the Court ordinarily limits its review to the evidence contained in the administrative record. *Schey v. Unum Life Ins. Co. of North America*, 145 F.Supp.2d 919, 921 (N.D. Ohio 2001).

There is no evidence here that Plaintiff has exhausted his administrative remedies, as required by ERISA. Neither party to this action has filed an administrative record for the Court's review. No specific administrator has been identified and neither party refers to this Policy as a "Plan." Neither party has even argued which standard, arbitrary and capricious or *de novo*, should apply to the Court's review. If this matter is covered under ERISA, the Court must stay or dismiss the action without prejudice to its being reopened or refiled once administrative remedies have been exhausted and there is an administrative record to review.

The Court finds, however, that this case is *not* covered by ERISA. The existence of an ERISA plan is a question of fact, to be answered in light of all surrounding circumstances and facts

3

from the point of view of a reasonable person. *Thompson v. American Home Assurance Co.*, 95 F.3d 429, 434 (6th Cir. 1996); *Hill v. Fort Loudoun Electric Cooperative*, 782 F.Supp.2d 587, 591 (E.D. Tenn. 2011).

In determining whether a benefit plan exists under ERISA, the Sixth Circuit Court of Appeals has adopted the test set forth in *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir. 1982). *See Hughes v. White*, 467 F.Supp.2d 791, 801 (S.D. Ohio 2006). Under that test, a compensation plan is governed by ERISA if a reasonable person examining the surrounding circumstances can ascertain (1) the intended benefits, (2) the class of beneficiaries, (3) the source of financing, and (4) the procedures for receiving benefits. *Hughes* at 801. In addition, among other things, the Court must conclude that the employer established or maintained the plan with an intent to provide benefits to its employees. *Thompson*, 95 F.3d at 438; *McDonald v. Provident Indemnity Life Ins. Co.*, 60 F.3d 234, 236 (5th Cir. 1995).

If a plan was not established by an employer with the intent of providing benefits to the employer's employees, then the plan at issue is not governed by ERISA. *Vingelen v. Weaver*, 2009 WL 3856442 at * 5 (M.D. Tenn. Nov. 19, 2009) (citing *Thompson* at 435). Thus, where the owner and employer is the sole participant in the plan, the plan is not an ERISA plan. *Id*. at * 6. Citing 29 C.F.R. § 2510.3-3(b) and *Yates Profit Sharing Plan v. Hendon*, 541 U.S. 1, 8 (2004), the *Vingelen* court noted that plans that cover only sole owners or partners and their spouses fall outside the domain of ERISA. *Vingelen* at ** 5-6. Similarly, in *AXA Equitable Life Ins. Co. v. Grissom*, 2012 WL 3991794 (M.D. Tenn. Sept. 11, 2012), the court held that because the deceased was the only person covered by the plan, the plan was not subject to ERISA. *Id*. at * 11 (citing *Yates).*

4

ERISA, read in tandem with the Department of Labor regulations, does not cover employee benefit plans where the lone participant is a self-employed sole shareholder in his own corporation. *In re Watson*, 161 F.3d 593, 594 (9th Cir. 1998); *see also LaVenture v. Prudential Ins. Co. of America*, 237 F.3d 1042, 1045 (9th Cir. 2001) (owner of a business is not considered an employee for purposes of determining the existence of an ERISA plan); *Strobel v. Provident Life and Accident Ins. Co.*, 2011 WL 5396033 at * 4 (D. Minn. Aug. 3, 2011) (disability policy not governed by ERISA where no employees were covered and all benefits flowed to the owner).

Furthermore, the hallmark of an ERISA benefit plan is that it requires an ongoing administrative program to meet the employer's obligation. *Swinney v. General Motors Corp.*, 46 F.3d 512, 517 (6th Cir. 1995); *Hill* at 591. ERISA governs only benefit *plans*, not mere benefits. *Hill* at 592 (citing *Fort Halifax Packing Co., Inc. v. Coyne*, 107 S.Ct. 2211, 2217 (1987)).

Defendant has not carried its burden of establishing that the Policy at issue herein was an ERISA plan.[2] This Policy is not a *group* plan. The owner and the only insured person is the same person - Plaintiff John Selby. Docket No. 75-2, ¶ 6. The Policy was not established by Plaintiff with the intent of providing benefits to his employees. Accordingly, ERISA does not apply.

## SUMMARY JUDGMENT

Given that the ERISA standard of review does not apply, the Court must look to the standard for summary judgment. Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c);

---

[2] Whether Plaintiff signed a document which references ERISA or Defendant indicated on a case summary that ERISA did not apply does not change the Court's analysis. Mere labeling by the parties is not determinative of whether a plan is governed by ERISA. *Langley v. Daimler Chrysler Corp.*, 502 F.3d 475, 481 (6th Cir. 2007).

*Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.*

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## CONTRACT INTERPRETATION

Regarding contract interpretation, Tennessee applies the law of the state in which a contract was executed unless there is an indication of contrary intent by the parties. *Smith & Nephew, Inc. v. Northwest Ortho Plus, Inc.*, 2012 WL 6607289 at * 15 (W.D. Tenn. Dec. 18, 2012); *Ohio Cas. Ins. Co. v. Travelers Indem. Co.,* 493 S.W.2d 465, 467 (Tenn. 1973). The Court finds no contrary

intent by the parties in this case and, therefore, the law of Colorado, where the subject contract was purchased and received, will apply.

In Colorado, a court must review the contract in its entirety, seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless. *Federal Deposit Ins. Corp. v. Fisher*, 292 P.3d 934, 937(Colo. 2013); *Preserve at the Fort, LTD v. Prudential Huntoon Paige Assocs., 129 P.3d 1015, 1017* (Colo. Ct. App. 2004) ("To determine the intent of the parties, we view the contract in its entirety."). An insurance policy and an endorsement attached to it must be considered as a single instrument, and they should be construed together in the absence of an internal conflict which cannot be reconciled. *EMC Ins. Cos. v. Mid-Continent Cas. Co.*, 884 F.Supp.2d 1147, 1157 (D. Colo. 2012).

Here the Policy and the Lifetime Benefit Rider must be construed together, *in para materia*. The Policy states that the policy with the application and attached endorsements is the entire contract between Plaintiff and Defendant. Docket No. 43, § 7.1. The Table of Contents of the Policy includes the Additional Benefits following page 8, which includes the Rider. *Id*., p. 3.

The Policy clearly states that the definition of "total disability" changes after the "Initial Period," and it defines "total disability" after the Initial Period as "unable to perform the principal duties of his occupation and is not gainfully employed in any occupation." Docket No. 43, p. 5.

Plaintiff claims that the Rider modifies the definition of total disability in the Policy. The Lifetime Benefit Rider does not include a definition of "total disability,"[3] however. Plaintiff would have the Court apply the Policy definition of total disability to the first clause of the Rider but not to the second. The Court finds that the definition of total disability in the Rider comes from the

---

[3] Neither does the Rider include a new or different definition of "Full Benefit."

definition of total disability in the Policy. There is no other definition of "total disability." Therefore, once Plaintiff reached the first policy anniversary that followed his 65th birthday, October 1, 2008, total disability benefits continued *only* if he was unable to perform the principal duties of his occupation and was not gainfully employed in any occupation.

Because the unambiguous language of the contract does not provide for total disability benefits for Plaintiff after October 1, 2008, the Court need not address the parties' other arguments. For example, even if Plaintiff filed his action within the three-year statute of limitations, the policy precludes benefits after October 1, 2008, under these circumstances.

Because Plaintiff's individual claim is dismissed, any purported class action is also dismissed. Moreover, Plaintiff's argument concerning the reinstatement of benefits when he did retire from gainful employment is without merit, there being no such contract provision for a continuation or reinstatement of benefits such as Plaintiff claims. Finally, Defendant's contentions about newly-discovered evidence are irrelevant to the claims for benefits after October 1, 2008.

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment (Docket No. 31) is GRANTED, and Plaintiff's First Motion for Summary Judgment (Docket No. 33) Motion is DENIED. This action is DISMISSED, and the Clerk is directed to close the file.

IT IS SO ORDERED.

*[signature: Todd Campbell]*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE